NO. COA13-884
NO. COA13-885
NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014


THE ROYAL OAK CONCERNED CITIZENS
ASSOCIATION, MARK HARDY, CURTIS
MCMILLIAN and DENNIS MCMILLIAN,
    Plaintiffs,

       v.                                                   Brunswick County
                                                             Nos. 11 CVS 1301; 12 CVS 1138
BRUNSWICK COUNTY,
    Defendant.


THE ROYAL OAK CONCERNED CITIZENS
ASSOCIATION, JAMES HARDY, CURTIS
MCMILLIAN and DENNIS MCMILLIAN,
    Plaintiffs,

       v.

BRUNSWICK COUNTY,
    Defendant.


      Appeals by defendant from orders entered 5 March and 6 May 2013 by Judge Mary Ann Tally in Brunswick County Superior Court. Heard in the Court of Appeals 9 January 2014.

        *UNC Center for Civil Rights, by Elizabeth Haddix and Bethan Eynon, Higgins & Owens, PLLC, by Raymond E. Owens, Jr., and Fair Housing Project, Legal Aid of North Carolina, by Jack Holtzman, for plaintiffs-appellees.*

        *Womble Carlyle Sandridge & Rice, LLP, by Julie B. Bradburn, Jacqueline Terry Hughes, and Kristen Y. Riggs, for defendant-appellant.*


       HUNTER, JR., Robert N., Judge.

Brunswick County ("Defendant") appeals from interlocutory orders compelling former Brunswick County Manager Marty Lawing ("Mr. Lawing") to appear for deposition. Defendant contends that because the orders do not indicate that Mr. Lawing is entitled to assert legislative and/or quasi-judicial immunity, he has been denied a substantial right that warrants our immediate review. For the following reasons, we disagree and dismiss Defendant's appeals.

## I.    Factual & Procedural History

On 3 June 2011, The Royal Oak Concerned Citizens Association, Curtis McMillian, and Dennis McMillian (collectively, "Plaintiffs") began this action by filing a complaint in Brunswick County Superior Court.[1] Plaintiffs' complaint was amended multiple times. Plaintiffs' third amended complaint, operative here, alleges violations of the North Carolina Fair Housing Act, the Equal Protection Clause under Article I, Section 19 of the North Carolina Constitution, and N.C. Gen. Stat. § 153A-136(c). These causes of action stem from

---

[1] The case number assigned to this action was Brunswick County No. 11 CVS 1301. Plaintiff Mark Hardy originally filed a separate action, Brunswick County No. 12 CVS 1138, which was consolidated by the trial court with 11 CVS 1301. Hereafter, use of the moniker "Plaintiffs" includes Mark Hardy.

an alleged pattern and practice of racial discrimination by Defendant, culminating in Defendant's decision to rezone property in Plaintiffs' community to accommodate the expansion of an existing landfill. The complaint also seeks a declaration that Defendant's rezoning of the property was unlawful, invalid, and void.

During discovery, Plaintiffs noticed the depositions of Mr. Lawing and former Brunswick County Commissioner William Sue ("Mr. Sue"). Following Defendant's refusal to produce Mr. Lawing and Mr. Sue, Plaintiffs filed a motion to compel their depositions. Defendant responded by filing a motion for a protective order prohibiting the depositions on the grounds that Mr. Lawing and Mr. Sue have legislative and quasi-judicial immunity. Following a hearing on the matter, the trial court filed a written order dated 5 March 2013 allowing Plaintiffs' motion to compel. The order, in part, stated:

> The Court will compel Mr. Sue and Mr. Lawing to appear for depositions at a time that is mutually convenient for the parties and the attorneys but will set the following conditions upon the deposition of former County Commissioner William Sue:
>
> a. William Sue is entitled to assert a testimonial privilege.
>
> b. The Plaintiffs are prohibited from inquiring as to Mr. Sue's intentions,

> motives, or thought processes with respect to any quasi-judicial or legislative matters clearly defined by North Carolina law as such.

The order contained no conditions with respect to Mr. Lawing's deposition. On 4 April 2013, Defendant filed notice of appeal from the order.[2]

Following Defendant's notice of appeal, Plaintiffs again noticed the deposition of Mr. Lawing and filed another motion to compel Mr. Lawing's deposition. By written order dated 6 May 2013, the trial court concluded that:

1. The March 5, 2013 order does not affect a substantial right of Defendant's that would injure Defendant if not corrected before appeal from final judgment, and thus the order is a non-appealable interlocutory order.

2. Therefore, a stay of this Court's March 5, 2013 order is not warranted and the trial court retains jurisdiction of this issue.

3. Defendant is again compelled to produce County Manager Marty Lawing.

On 30 May 2013, Defendant filed notice of appeal from this order as well.[3]

Following Defendant's second notice of appeal, Defendant

---

[2] Defendant's appeal from the 5 March 2013 order is the subject of COA13-885.

[3] Defendant's appeal from the 6 May 2013 order is the subject of COA13-884.

filed a petition for writ of supersedeas and a motion for a temporary stay with this Court on 31 May 2013. By order entered 3 June 2013, we allowed the motion for a temporary stay. By order entered 18 June 2013, we allowed the petition for writ of supersedeas and stayed the 5 March and 6 May orders of the trial court pending the outcome of Defendant's appeals.

## II. Jurisdiction

At the outset, we must determine whether this Court has jurisdiction to hear Defendant's interlocutory appeals. Defendant contends that "[t]he trial court rejected out of hand that [Mr.] Lawing was entitled to assert any form of immunity, and testimonial privilege, at his deposition[,]" and that such denial is immediately appealable as affecting a substantial right. For the following reasons, we hold that the trial court's 5 March and 6 May 2013 orders do not preclude Defendant from making good-faith objections to privileged information at Mr. Lawing's deposition. Consequently, no substantial right has been affected and we dismiss Defendant's appeals as interlocutory.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An

interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Thus, because the trial court's orders compelling Mr. Lawing to testify did not dispose of the case below, Defendant's appeals are interlocutory in nature.

However, an "immediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (quotation marks omitted); *accord* N.C. Gen. Stat. §§ 1-277(a), 7A-27(d) (2013). Our Supreme Court has defined a "substantial right" as "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579 (quotation marks and citation omitted) (alteration in original).

"Admittedly the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by

considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). "Essentially a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston*, 326 N.C. at 726, 392 S.E.2d at 736. "The burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001).

Here, Defendant contends that because the trial court's orders do not indicate that Mr. Lawing is entitled to assert legislative and/or quasi-judicial immunity, he has been denied a substantial right that warrants our immediate review. Defendant invites this Court to decide, as a general matter, that "any public official, [including a county manager,] is entitled to assert immunity and the accompanying testimonial privilege as to those actions which were taken in the sphere of legitimate legislative or quasi-judicial activity."

As an initial matter, we note that claims of immunity, including claims of legislative and quasi-judicial immunity, affect a substantial right for purposes of appellate review. *Cf. Farrell ex rel. Farrell v. Transylvania Cnty. Bd. of Educ.*, 199 N.C. App. 173, 176, 682 S.E.2d 224, 227 (2009) (stating that "claims of immunity affect a substantial right entitled to immediate appeal"). Moreover, we have held that individuals are "entitled to absolute legislative immunity for all actions taken in the sphere of legitimate legislative activity." *Northfield Dev. Co., Inc. v. City of Burlington*, 136 N.C. App. 272, 281, 523 S.E.2d 743, 749, *aff'd in part, review dismissed in part*, 352 N.C. 671, 535 S.E.2d 32 (2000) (quotation marks and citations omitted). Individuals are also "entitled to absolute quasi-judicial immunity for actions taken in the exercise of their judicial function." *Id.* "These immunities shield the individual from the consequences of the litigation results and provide a testimonial privilege." *Id.* at 282, 523 S.E.2d at 749. Thus, to the extent that Mr. Lawing, as a county manager, performed actions "in the sphere of legitimate legislative activity" or "in the exercise [of a] judicial function," we understand Defendant's desire to keep Mr. Lawing's intentions and motives with respect to such conduct privileged.

However, Defendant's contention that legislative and/or quasi-judicial immunity has been deprived in this case is premised on the assumption that the trial court's orders preclude Defendant from making good-faith objections based on privilege at Mr. Lawing's deposition. Indeed, at oral argument, counsel for Defendant indicated that the trial court's orders summarily deny Defendant the ability to claim legislative and/or quasi-judicial immunity during Mr. Lawing's deposition. We find no such exclusion in the trial court's orders or in the transcript of the motion hearing.

With respect to the trial court's written orders, there are no conclusions denying Mr. Lawing the ability to assert legislative and/or quasi-judicial immunity. While the trial court's 5 March 2013 order does explicitly conclude that Mr. Sue is entitled to legislative and/or quasi-judicial immunity, such a conclusion does not necessarily deny the right to Mr. Lawing. Furthermore, the transcript of the motion hearing supports this interpretation of the trial court's orders. Specifically, after allowing the motion to compel, the trial court stated:

> If there is an objection at a deposition, it can be noted. And, again, it's my understanding of the rules that if the parties feel that they're at an impasse during the taking of the deposition, that there are provisions for the parties to go

> to the Court and ask for resolution of the specific issue[.]

Plainly, the trial court contemplated the possibility that Defendant could make good-faith objections based on legislative and/or quasi-judicial immunity during Mr. Lawing's deposition and that any impasse between the parties would then be decided by the trial court in the factual context in which it arises.

Furthermore, when discussing the contents of the written order, the trial court stated:

> I'm not comfortable signing an order that says that Mr. Lawing is entitled to the testimonial privilege, because I'm not sure if that's the law[.]

Thus, the trial court expressed reservation in deciding whether Mr. Lawing is entitled to legislative and/or quasi-judicial immunity. Given this reservation, it would be inconsistent to presume that the trial court was definitively precluding Mr. Lawing's entitlement to immunity in its written orders. Rather, the more consistent interpretation of the trial court's orders is that Defendant may object on behalf of Mr. Lawing if the information sought in Plaintiffs' questioning was generated either "in the sphere of legitimate legislative activity" or "in the exercise [of a] judicial function." *Id.* at 281, 523 S.E.2d at 749.

We therefore hold that the trial court's orders do not preclude Defendant from making objections based on privilege at Mr. Lawing's deposition if Defendant has a good-faith basis to believe that the information is protected by legislative or quasi-judicial immunity. Whether Mr. Lawing, as a county manager, actually performed actions "in the sphere of legitimate legislative activity" or "in the exercise [of a] judicial function" is not properly before us at this time. Once a specific question has been propounded by Plaintiffs to Mr. Lawing at the deposition, the trial court can properly decide whether the information sought is protected by privilege.

Moving forward, we note that if Defendant withholds information at Mr. Lawing's deposition that would otherwise be discoverable by claiming that the information is privileged, Defendant must "(i) expressly make the claim and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." N.C. R. Civ. P. 26(b)(5). Furthermore, if Mr. Lawing fails to answer a question at the deposition based on a claim of privilege, and the parties reach an impasse as to whether the claim of privilege applies,

Plaintiffs may move for an order compelling an answer pursuant to N.C. R. Civ. P. 37(a).[4] However, "[i]f the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c)." N.C. R. Civ. P. 37(a)(2); *see also* N.C. R. Civ. P. 26(c) (providing that the protective order can, among other things, order "(i) that the discovery not be had; (ii) that the discovery may be had only on specified terms and conditions[; and] . . . (iv) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters").

Accordingly, because we hold that the trial court's orders do not preclude Defendant from making good-faith objections based on privilege at Mr. Lawing's deposition, Defendant has not been deprived of any right nor suffered injury warranting our immediate review.

### III. Conclusion

For the foregoing reasons, we dismiss Defendant's appeals as interlocutory.

DISMISSED.

---

[4] At the discretion of the trial court, telephoning the judge during the deposition may be an appropriate solution if a matter arises to which to the parties feel an immediate decision is required. North Carolina AIC Civil Procedure Pretrial 2 § 24:14 (1998).

Judges STROUD and DILLON concur.