STEPHEN AND MICHELLE ARNOLD, ROBERT P. AND ELIZABETH M. BARR, DAVID E. AND KRYSTAL D. BOTTOM, TIMOTHY A. AND JEANETTE P. BRADLEY, CHARLES MICHAEL AND DEBRA S. BRAUN, KENT AND BARBARA CAMPBELL, ROBERT E. AND AIDA V. DUNGAN, RICHARD R. AND CHARLOTTE D. ELEY, JONATHAN A. AND PEGGY J. HILL, STEVEN P. AND CHRISTI W. HURD, JOHN P. AND KIMBERLY J. KENNEDY, PIERCE A. KAHADUWE LIVING TRUST, MARK P. AND JACQUELINE G. RUSCOE, BENJAMIN F. AND SUSAN E. TURNER, JACQUELYN M. WEBB, TRUSTEE OF THE JACQUELYN M. WEBB LIVING TRUST, MARC B. AND JACKIE LEE WESTLE, DERWIN J. AND NANCY L. C. WILLIAMS, ROBERT L. AND BECKY L. WILSON, STEPHEN M. AND JULIA R. EARGLE, AND ROBERT A. AND JANE P. ERRICO, PETITIONERS v. CITY OF ASHEVILLE, RESPONDENT

No. COA04-690

(Filed 5 April 2005)

**Appeal and Error— appealability—interlocutory order—order compelling discovery**

Petitioners' appeal from an order compelling discovery in an annexation case is an appeal from an interlocutory order and is not immediately appealable because: (1) it does not affect a substantial right since it does not impose sanctions on the party contesting the discovery nor does it require production of materials protected by a recognized privilege; (2) it does not appear that

petitioners are truly concerned with attaining an expedited hearing when the most significant portion of the delay in this matter was due to petitioners' refusal to answer discovery and in getting this matter before the Court of Appeals; and (3) N.C.G.S. § 160A-50(i) provides that the annexation will not be effective until the date of the final judgment in this matter in either the trial or appellate court.

Appeal by petitioners from judgment entered 20 November 2003 by Judge Zoro J. Guice, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 1 March 2005.

*Dungan & Associates, P.A., by Shannon Lovins, for petitioners-appellants.*

*Robert W. Oast, Jr. for respondent-appellee.*

STEELMAN, Judge.

On 27 June 2002, respondent City of Asheville (respondent, Asheville or city) enacted an annexation ordinance extending its corporate limits. On 23 August 2004, petitioners filed a petition seeking judicial review of the 27 June 2002 annexation ordinance, pursuant to N.C. Gen. Stat. § 160A-50 (2004). Petitioners alleged that the area annexed by respondent failed to meet requirements set forth in N.C. Gen. Stat. §§ 160A-45, -47, -48, -49 (2004). On 4 October 2002, the City filed a response to the petition. On 9 April 2003, respondent served upon petitioners discovery requests, including respondent's first request for admission, respondent's first set of interrogatories, and respondent's first request for production of documents. Petitioners objected to respondent's discovery requests on the basis that they constituted improper discovery under N.C. Gen. Stat. § 160A-50(c) and N.C. R. Civ. P. 26. The city filed a motion to compel. Following a hearing on this motion, the trial court entered an order compelling petitioners to respond to the discovery requests but did not impose any sanctions upon petitioners. From this order, petitioners appeal.

The threshold question is whether petitioners' appeal is properly before this Court. There is no dispute that this appeal is interlocutory, as it is from an order that was "made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *North Carolina Dep't of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995).

In general, "there is no right to immediate appeal from an interlocutory order." "This rule is grounded in sound policy considerations. Its goal is to 'prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard.' " However, there are two significant exceptions to this rule. First, an interlocutory order is immediately appealable "when the trial court enters 'a final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." Secondly, an interlocutory order may be immediately appealed if "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits."

*Evans v. Evans*, 158 N.C. App. 533, 534-35, 581 S.E.2d 464, 465 (2003) (internal citations omitted). "In either instance, the burden is on the appellant 'to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.' " *Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598, 600 (1999). There was no certification pursuant to Rule 54(a) of the North Carolina Rules of Civil Procedure in this case.

"An order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment." *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999). Our appellate courts have recognized very limited exceptions to this general rule, holding that an order compelling discovery might affect a substantial right, and thus allow immediate appeal, if it either imposes sanctions on the party contesting the discovery, or requires the production of materials protected by a recognized privilege. *See Sharpe*, 351 N.C. 159, 522 S.E.2d 577.

Neither of these exceptions are present in this case, nor do petitioners so contend. Instead, petitioners argue that the respondent's discovery will interfere with the petitioners' right to "expedited judicial review" as set forth in N.C. Gen. Stat. § 160A-50. We agree with petitioners that this statute does contemplate an expedited hearing procedure in annexation cases. The record in this case shows that the petition was timely filed, and responded to. There is no indication that this matter was scheduled for trial at the time respondent's dis-

**ARNOLD v. CITY OF ASHEVILLE**

[169 N.C. App. 451 (2005)]

covery was filed. More importantly, the record is devoid of any efforts by petitioners requesting an early trial setting. Rather, the most significant portion of the delay in this matter was due to petitioners' refusal to answer discovery (June 2003-November 2003), and in getting this matter before this court (December 2003 to March 2005). It took six months to get the record on appeal settled in this matter, and another five months for all of the briefs to be submitted. It does not appear that petitioners are truly concerned with attaining an expedited hearing in this matter. We further note that under the provisions of N.C. Gen. Stat. § 160A-50(i), the annexation will not be effective until the date of the final judgment in this matter in either the trial or appellate court.

Petitioners have failed to demonstrate that the order of the trial court affects a substantial right. This appeal is hereby dismissed.

DISMISSED.

Judges WYNN and HUDSON concur.