NO. COA13-387

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

MARSHALL KELLY BRITT, JR., as
Administrator of the ESTATE OF
DANA ROBINSON BRITT,
          Plaintiff,

     v.                                    Mecklenburg County
                                           No. 11 CVS 18262

KATHLEEN CUSICK, et. al.,
          Defendants.


     Appeal by defendants from order entered 28 November 2012 by

Judge James W. Morgan in Mecklenburg County Superior Court.  Heard

in the Court of Appeals 9 September 2013.


     *Conrad, Trosch & Kemmy, P.A., by William Conrad Trosch; and
     Janet, Jenner & Suggs, LLC, by Kenneth M. Suggs, for
     plaintiff-appellee.*

     *Parker Poe Adams & Bernstein LLP, by Harvey L. Cosper and
     John D. Branson, for defendants-appellants.*


     GEER, Judge.


     Defendants  Kathleen  Cusick,  the  Charlotte-Mecklenburg

Hospital Authority, doing business as Carolinas Healthcare System

and  doing  business  as  Carolinas  Medical  Center,  and  Carolinas

Physician  Network,  Inc.,  doing  business  as  Charlotte  Obstetrics

and Gynecologic Associates, appeal from the trial court's order

granting the motion of plaintiff Marshall Kelly Britt, Jr., as

administrator of the Estate of Dana Robinson Britt, to quash defendants' notice of deposition and his motion for a protective order. Defendants' interlocutory appeal is from a discovery order that barred defendants from obtaining discovery by one means, but expressly permitted defendants to both seek the discovery at issue by another means and to move the trial court to modify the order if necessary to further the interests of justice. Under these circumstances, we hold that defendants' interlocutory appeal does not affect a substantial right, and we, therefore, dismiss the appeal.

## Facts

On 30 September 2011, plaintiff filed an action against defendants, asserting claims for medical negligence, wrongful death, and "MISREPRESENTATION[,] FAILURE TO PRODUCE MEDICAL RECORDS/SPOILATION," stemming from Ms. Britt's death following an emergency caesarean section surgery. With respect to the claim that defendants wrongfully failed to produce medical records, the complaint alleged that during the course of plaintiff's law firm's investigation into whether Ms. Britt's death was caused by defendants' negligence, plaintiff's law firm repeatedly requested medical records from defendants that defendants wrongfully failed to produce, either intentionally or as a result of defendants'

failure to exercise reasonable care in compiling medical records and delivering them to plaintiff.

Many of the allegations relating to this claim were based upon conversations between one of plaintiff's law firm's paralegals and various employees of defendants. The complaint alleged that plaintiff was entitled to "an inference that Defendants withheld evidence and/or destroyed evidence because that evidence . . . would have been adverse to Defendants." The complaint further alleged that as a result of defendants' failure to produce the requested medical records, in breach of certain statutory duties owed to plaintiff, plaintiff had been damaged in excess of $10,000.00.

On 5 December 2011, defendants filed an answer denying the material allegations of the complaint and a motion to dismiss the wrongful failure to produce medical records claim pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. Apparently, defendants subsequently served a notice of deposition for Beth Ferguson, the paralegal with plaintiff's law firm, although the notice does not appear in the record on appeal. On 20 September 2012, plaintiff filed a motion to quash defendants' notice of deposition and for a protective order pursuant to Rule 26(c) of the Rules of Civil Procedure.

In the motion, plaintiff alleged that Ms. Ferguson had requested Ms. Britt's medical records from defendants and had spoken with employees of defendants about the medical records "[o]n a number of occasions." The motion further alleged that defendants had served plaintiff's counsel with a notice of deposition for Ms. Ferguson, but that allowing an oral deposition of Ms. Ferguson would "inevitably lead to the discovery of [plaintiff's] counsel's mental impressions and thought process." Such a deposition would, plaintiff alleged, constitute an "unreasonable annoyance, embarrassment, oppression, undue burden, and/or expense" and would violate the attorney client and work product privileges. Accordingly, plaintiff asked the court to enter an order quashing the deposition notice and prohibiting defendants from taking Ms. Ferguson's oral deposition or otherwise eliciting testimony regarding privileged information.

On 28 November 2012, the trial court entered an order granting plaintiff's motion to quash defendants' notice of deposition of Ms. Ferguson and motion for a protective order. The order provided that defendants' discovery of Ms. Ferguson was limited as follows: (1) "Plaintiff shall produce Beth Ferguson's testimony in written form to the Defendants;" (2) "[a]fter receiving Ms. Ferguson's written form testimony, the Defendants may ask follow-up written questions to Ms. Ferguson[;]" (3) "Plaintiff shall promptly

respond to these follow-up questions;" and (4) "Ms. Ferguson may testify live at trial, but her testimony at trial shall be limited to information produced in her written form testimony and responses to Defendants [sic] follow-up written questions." The order further provided, "This Order may be modified by future Court Order if required in the interest of justice." Defendants appealed the trial court's order to this Court.

## Discussion

We must first address this Court's jurisdiction over this appeal. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). The appealed discovery order in this case is interlocutory because it fails to settle and determine the entire controversy.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, "immediate appeal is available from an interlocutory order or judgment which affects a 'substantial right.'" *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (quoting N.C. Gen. Stat. § 1-277(a) (1996)). A substantial right is "'one which will clearly

be lost or irremediably adversely affected if the order is not reviewable before final judgment.'" *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (quoting *Blackwelder v. State Dep't of Human Res.*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983)).

Generally, "orders denying or allowing discovery are not appealable since they are interlocutory and do not affect a substantial right which would be lost if the ruling were not reviewed before final judgment." *Dworsky v. Travelers Ins. Co.*, 49 N.C. App. 446, 447, 271 S.E.2d 522, 523 (1980). As this Court has explained: "Our appellate courts have recognized very limited exceptions to this general rule, holding that an order compelling discovery might affect a substantial right, and thus allow immediate appeal, if it either imposes sanctions on the party contesting the discovery, or requires the production of materials protected by a recognized privilege." *Arnold v. City of Asheville*, 169 N.C. App. 451, 453, 610 S.E.2d 280, 282 (2005).

Although neither of these exceptions apply in this case, defendants argue that their appeal affects a substantial right under *Tennessee-Carolina Transp., Inc. v. Strick Corp.*, 291 N.C. 618, 231 S.E.2d 597 (1977), since the trial court's order, according to defendants, effectively precluded them from discovering highly material evidence through the oral deposition

of the only witness with personal knowledge of the relevant matters.

In *Tennessee-Carolina Transportation*, the defendant sold 150 trailers to the plaintiff, and the plaintiff subsequently sued the defendant for breach of an implied warranty of fitness based upon allegations that certain metal in the trailers did not "measure up to the proper degree of hardness." *Id.* at 623, 231 S.E.2d at 600. Prior to trial, the defendant appealed from the trial court's discovery order prohibiting the defendant from taking the deposition of an out-of-state expert witness who, at the plaintiff's request, had conducted tests on some of the trailers to determine the hardness of the relevant metal. *Id.* at 620-21, 623, 231 S.E.2d at 599, 600.

The Supreme Court held that the appealed order affected a substantial right of the defendant because the order "effectively preclude[d] the defendant from introducing evidence of the 'readings' concerning the hardness of the metal obtained by the tests which [the expert] made" -- evidence that was "highly material to the determination of the critical question to be resolved" at trial. *Id.* at 625, 629, 231 S.E.2d at 601, 603. The Court further noted that nothing in the record indicated that the taking of the expert's deposition would have delayed the trial or would have caused the plaintiff or the expert any unreasonable

annoyance, embarrassment, oppression, or undue burden or expense. *Id.* at 629, 231 S.E.2d at 603.

In contrast, here, the trial court's order did not "effectively preclude" defendants from discovering relevant information from Ms. Ferguson. Rather, the trial court's order expressly provided for discovery from Ms. Ferguson, but, because Ms. Ferguson was a paralegal for plaintiff's counsel, delimited the manner of discovery by providing that plaintiff would produce Ms. Ferguson's intended testimony in writing and then she would be required to respond to written questions submitted by defendants. Importantly, however, the order further provided that it "may be modified by future Court Order if required in the interest of justice." Thus, if the written discovery proved inadequate, defendants could then move the trial court to modify the protective order to allow an oral deposition of Ms. Ferguson or other appropriate discovery under the circumstances.

Because defendants have not pursued the discovery authorized by the trial court, they cannot show that this order regulating the manner of discovery, but not prohibiting it, "effectively preclude[d] the defendant[s] from introducing evidence" that was "highly material to the determination of the critical question to be resolved" at trial. *Id.* at 625, 629, 231 S.E.2d at 601, 603.

This Court has previously held that an order denying an overly broad request for discovery does not affect a substantial right under *Tennessee-Carolina Transportation* when the record does not specifically show what "relevant and material information" the appellant was barred from obtaining as a result of the discovery order. *Dworsky*, 49 N.C. App. at 448, 271 S.E.2d at 524. Implicit in *Dworsky* is that the appellant could submit a request that did not amount to a fishing expedition. *Id.*

Here, similarly, defendants have not shown what relevant and material information they would obtain in an oral deposition that they cannot obtain using the procedure adopted by the trial court. While such a showing might be possible after completing the discovery allowed by the trial court, defendants cannot yet make that showing. Accordingly, as in *Dworsky*, *Tennessee-Carolina Transportation* does not apply here. We, therefore, dismiss defendants' appeal as interlocutory. *See also Carolina Overall Corp. v. E. Carolina Linen Supply, Inc.*, 1 N.C. App. 318, 319, 320, 161 S.E.2d 233, 234 (1968) (dismissing, as interlocutory, order denying in part defendant's motion for production and inspection of documents but permitting defendants "'to come again and re-apply for production and inspection of documents specifying in more and greater detail the items sought to be discovered,'" when order "adequately protected the rights of all parties in this

matter and no substantial right of the defendant was prejudiced"). *Cf. Norris v. Sattler*, 139 N.C. App. 409, 413, 533 S.E.2d 483, 486 (2000) (holding interlocutory discovery order barring defendant hospital from ex parte contact with plaintiff's treating physician regarding plaintiff's case did not affect substantial right since order did not preclude defendant from seeking discovery of physician through "multi-varied discovery methods detailed in Rule 26" of Rules of Civil Procedure).

Dismissed.

Chief Judge MARTIN and Judge STROUD concur.