IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-375

 Filed: 1 March 2016

Orange County, No. 14 CVS 1200

JILLIAN MURRAY, Plaintiff,

 v.

UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, Defendant.

 Appeal by defendant from order entered 6 November 2014 by Judge Carl R.

Fox in Orange County Superior Court. Heard in the Court of Appeals 22 September

2015.

 The Law Firm of Henry Clay Turner, PLLC, by Henry Clay Turner, for
 plaintiff-appellee.

 Attorney General Roy Cooper, by Assistant Attorney General Laura Howard
 McHenry, for defendant-appellant.

 GEER, Judge.

 Defendant, the University of North Carolina at Chapel Hill, appeals the

superior court’s denial of its motion to dismiss plaintiff Jillian Murray’s complaint.

Although acknowledging that this appeal is interlocutory, defendant argues that it is

entitled to appeal because the trial court denied its motion to dismiss on sovereign

immunity grounds. However, we are bound by Can Am S., LLC v. State, ___ N.C.

App. ___, ___, 759 S.E.2d 304, 307, disc. review denied, 367 N.C. 791, 766 S.E.2d 624

(2014), in which this Court, after surveying the controlling authority, held that when

a defendant raises the issue of sovereign immunity under Rule 12(b)(1) of the Rules
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

of Civil Procedure, a denial of that motion is not immediately appealable. Since the

only sovereign immunity argument preserved below raised the issue under Rule

12(b)(1), this Court does not have jurisdiction over this appeal. Although defendant

also argues that this case is moot, defendant has not made any argument that this

Court has jurisdiction over that issue in the absence of a proper appeal of the

sovereign immunity issue. We, therefore, dismiss the appeal.

 Facts

 Plaintiff’s complaint alleges the following facts. On 12 January 2013, plaintiff,

a student at defendant university, was violently sexually assaulted by a fellow

classmate. Plaintiff emailed Dean Blackburn, the Associate Dean of Students for

defendant, and requested information regarding the rights of sexual assault victims.

Dean Blackburn failed to respond to plaintiff’s inquiry for 20 days. On 4 February

2013, Dean Blackburn wrote to plaintiff, stating that her request “simply got lost in

[his] inbox” and indicated that Desiree Rieckenberg, the Associate Dean and Student

Complaint Coordinator, would contact her in the next 24 hours.

 On 22 February 2013, plaintiff was allowed to meet with Dean Rieckenberg,

who informed plaintiff that defendant’s Title IX grievance system was in a “state of

transition” and that she would “tell someone appropriate and get back in touch” with

her. Dean Rieckenberg never provided plaintiff with defendant’s sexual misconduct

policy, never advised her of her rights under the policy, and never contacted her

 -2-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

again. Plaintiff alleged that she became despondent and depressed due to the trauma

from the assault and defendant’s lack of response to her allegations and was unable

to complete her spring semester.

 Around January 2014, plaintiff told her parents about the sexual assault and

the lack of response from defendant when she tried to report it. Plaintiff and her

parents reached out to officials of defendant, but were informed that defendant did

not regard her reports as “a formal complaint” under its Title IX policy. On 29

January 2014, plaintiff wrote to E.W. Quimbaya-Winship1 that she was “a victim of

sexual assault” and that she “would like to make a formal report” regarding the

assault. Plaintiff accepted Mr. Quimbaya-Winship’s offer to make a complaint over

the phone on 31 January 2014.

 At the time of plaintiff’s complaint, defendant had in place a sexual misconduct

policy titled defendant’s “Policy on Prohibited Harassment, Including Sexual

Misconduct, and Discrimination.” The policy provided that defendant would

“promptly investigate and prepare a confidential Investigation Report within forty-

five (45) calendar days of receiving the complaint, unless an extension of time is

necessary in order to conduct a thorough and accurate investigation.” If such

extension of time was found to be necessary, the policy stated that defendant would

 1No job title for this individual is stated in plaintiff’s complaint.

 -3-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

provide the parties with written notification of the revised deadline for the report’s

completion.

 On 21 February 2014, plaintiff and her parents met with officials of defendant

and spoke with Title IX investigators, including Jayne Grandes and Kim Dixon.

Investigator Grandes was assigned to investigate plaintiff’s complaint on 5 March

2014, and Investigator Dixon was assigned to co-investigate it on 24 March 2014.

Investigator Grandes emailed plaintiff on 17 April 2014, 76 days after plaintiff filed

her 31 January 2014 complaint, and notified her that the date for completion of the

investigation had been extended to 19 May 2014, 108 days after the date plaintiff

filed her complaint. Investigators Grandes and Dixon submitted their report to

defendant’s Title IX coordinator on 19 May 2014. The report found “good cause to

proceed to Informal or Formal Resolution of the complaint, as outlined in Sections IV

and V of Appendix C to the Policy.”

 On 11 July 2014, Professor Robert P. Joyce emailed plaintiff to inform her that

he had appointed himself chair of her grievance procedure and had appointed Clair

McLaughlin, an undergraduate student with little Title IX training, no legal training,

and only intermittent internet access because she was spending the summer in the

Philippines, as plaintiff’s “advisor.” In addition, Professor Joyce informed plaintiff

that pursuant to “Section V.E.2 of the Policy” plaintiff was entitled to “have a support

person present in addition to [the] appointed advisor[,]” and the policy stated “[t]hat

 -4-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

support person may be an attorney.” At that time, section V.E.2 of Appendix C of the

policy stated: “[t]he support person, who may be legal counsel, may privately consult

with and advise a party but may not question witnesses or otherwise directly

participate in the proceedings.”

 On 24 July 2014, Bernard Burk, the new panel chair, emailed plaintiff a

document titled “Notice of Procedures Governing Student Grievance Hearing,” which

applied only to plaintiff’s specific grievance procedure. The document stated that an

attorney could be present only as a “Support Person” and would not be entitled to

receive direct communications on behalf of the student he represents. It also stated:

 your Support Person may participate fully in the
 proceedings in any way that you yourself may participate.
 Thus your Support Person may, if you wish, address the
 Panel and question witnesses other than the opposing party
 (under the Policy, the parties may be questioned only by
 the Panel).

In addition, it explained:

 You are responsible for communicating with your attorney
 or non-attorney support person (“Support Person”) . . . . If
 contacted by your Support Person about matters related to
 the hearing, I will send my response to you (with a copy to
 the other party) and request that you communicate my
 response to your Support Person.

 On 29 July 2014, Henry C. Turner notified defendant that he represented

plaintiff in the grievance procedure, asked that he be appointed as her attorney in

place of her student advisor, and requested that all correspondence be directed to

 -5-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

him. Mr. Burk sent a response to plaintiff on the same day, without copying Mr.

Turner, stating that “it is the practice under the University’s Title IX Policy for the

Panel Chair to communicate with the parties, and, if requested, their Advisors. Panel

Chairs do not communicate directly with any attorney . . . [.]” On 7 August 2014, Mr.

Turner was made aware that plaintiff’s grievance proceeding was scheduled for 22

August 2014, after his requests to participate fully in the proceeding were rejected,

and he was not informed of the place of the proceeding.

 On 20 August 2014, plaintiff filed a verified complaint against defendant,

seeking a declaratory judgment that defendant’s sexual assault grievance procedure

was unlawful. She requested a temporary restraining order and preliminary and

permanent injunctive relief.

 In her complaint, plaintiff contended that defendant’s sexual misconduct policy

violated N.C. Gen. Stat. § 116-40.11(a), stating:

 “[a]ny student enrolled at a constituent institution who is
 accused of a violation of the disciplinary or conduct rules of
 the constituent institution shall have the right to be
 represented, at the student’s expense, by a licensed
 attorney or nonattorney advocate who may fully
 participate during any disciplinary procedure or other
 procedure adopted and used by the constituent institution
 regarding the alleged violation.”

Further, plaintiff cited to Title IX requirements for hearings on sexual assault and

harassment, in which the U.S. Department of Education’s Office of Civil Rights

stated: “ ‘[w]hile OCR does not require schools to permit parties to have lawyers at

 -6-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

any stage of the proceedings, if a school chooses to allow the parties to have their

lawyers participate in the proceedings, it must do so equally for both parties.’ ”

 Defendant responded to plaintiff’s complaint by filing a motion to dismiss on

19 September 2014, in which defendant asserted that pursuant to Rules 12(b)(1)

and/or 12(b)(6) of the Rules of Civil Procedure, plaintiff’s complaint should be

dismissed for “mootness, lack of standing, lack of subject matter jurisdiction, and

failure to state a claim upon which relief may be granted.” In its motion, defendant

argued that “[t]he questions originally in controversy between the parties are no

longer at issue” and that “[w]ith no justiciable controversy ripe for determination

presented in Plaintiff’s Complaint, the issues raised in the Complaint are moot.”

Further, defendant claimed that “Plaintiff lack[ed] standing to bring the present

case.” Finally, defendant asserted that “[t]he Court lacks subject matter jurisdiction

over Plaintiff’s claims” and that “Plaintiff has failed to state a claim upon which relief

may be granted.”

 Plaintiff filed a brief in opposition to defendant’s motion to dismiss on 13

October 2014. In her brief, plaintiff asserted that defendant’s motion should be

denied because plaintiff’s Title IX sexual assault grievance had not “ ‘concluded.’ ”

Plaintiff explained that defendant filed its motion to dismiss prior to the expiration

of the deadline for plaintiff’s sexual assailant to appeal the findings of plaintiff’s

student grievance hearing, so the issues in the case were not moot and should not be

 -7-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

dismissed. Additionally, plaintiff argued that even if the cause of action became moot,

the case should nevertheless continue to be heard under the “public interest

exception” to the mootness doctrine.

 The trial court held a hearing on defendant’s motion to dismiss on 15 October

2014 in Orange County Superior Court. Although defendant’s motion to dismiss had

made no mention of sovereign immunity and was solely based on Rules 12(b)(1) and

12(b)(6), defendant argued at the hearing that the complaint should be dismissed

pursuant to Rules 12(b)(1) and 12(b)(2) based on the doctrine of sovereign immunity.

 On 6 November 2014, the trial court entered an order denying defendant’s

motion to dismiss. In the order, the trial court stated:

 THIS MATTER CAME ON FOR A HEARING
 before the undersigned Superior Court Judge Presiding
 during the 20 August 2014 Civil Session of Orange County
 Superior Court upon Defendant’s Motion to Dismiss,
 pursuant to Rules 12(b)(1) and 12(b)(6) of the North
 Carolina Rules of Civil Procedure. After considering the
 arguments of counsel, the Complaint, the Motion, and the
 briefs and other submissions of the parties, the Court finds
 that it possesses subject matter jurisdiction over this action
 and that the Plaintiff’s complaint has made allegations
 sufficient to state a claim upon which relief may be granted
 under some legal theory.

Defendant appealed the order to this Court.

 Discussion

 We must first address whether this Court has jurisdiction to hear this appeal

from the trial court’s denial of defendant’s motion to dismiss. “Typically, the denial

 -8-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

of a motion to dismiss is not immediately appealable to this Court because it is

interlocutory in nature.” Reid v. Cole, 187 N.C. App. 261, 263, 652 S.E.2d 718, 719

(2007). “ ‘An interlocutory order is one made during the pendency of an action, which

does not dispose of the case, but leaves it for further action by the trial court in order

to settle and determine the entire controversy.’ ” Britt v. Cusick, 231 N.C. App. 528,

530-31, 753 S.E.2d 351, 353 (2014) (quoting Veazey v. City of Durham, 231 N.C. 357,

362, 57 S.E.2d 377, 381 (1950)).

 Defendant contends, however, that this appeal is properly before the Court

because the trial court rejected defendant’s claim that the action was barred by

sovereign immunity. Defendant argues that the order therefore affects a substantial

right that would be lost in the absence of an immediate appeal. See N.C. Gen. Stat.

§ 1-277(a) (2015) (authorizing interlocutory appeal of order that “affects a substantial

right”). In addressing defendant’s arguments, we are bound by Can Am.

 In Can Am, the defendants moved to dismiss on sovereign immunity grounds

under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(2) for lack

of personal jurisdiction, “but notably not Rule 12(b)(6) . . . .” ___ N.C. App. at ___, 759

S.E.2d at 307. Although the defendants had moved to dismiss for failure to state a

claim for relief under Rule 12(b)(6), they based their Rule 12(b)(6) motion on the

plaintiff’s failure to adequately plead an actual controversy and not on the sovereign

immunity doctrine. Id. at ___, 759 S.E.2d at 308.

 -9-
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

 This Court held in Can Am that “[h]ad defendants moved to dismiss based on

the defense of sovereign immunity pursuant to Rule 12(b)(6), we would be bound by

the longstanding rule that the denial of such a motion affects a substantial right and

is immediately appealable under section 1-277(a).” Id. at ___, 759 S.E.2d at 307. See

also Green v. Kearney, 203 N.C. App. 260, 266, 690 S.E.2d 755, 761 (2010) (“This

Court has held that a denial of a Rule 12(b)(6) motion to dismiss on the basis of

sovereign immunity affects a substantial right and is immediately appealable.”), aff’d

per curiam, 367 N.C. 113, 748 S.E.2d 143 (2013). However, since the defendants had

only based their sovereign immunity defense on a lack of either subject matter

jurisdiction under Rule 12(b)(1) or personal jurisdiction under Rule 12(b)(2), that

longstanding rule was inapplicable. Can Am, ___ N.C. App. at ___, 759 S.E.2d at 307.

 The Court next concluded that the defendants’ Rule 12(b)(1) motion could not

justify an interlocutory appeal because “[a] denial of a Rule 12(b)(1) motion based on

sovereign immunity does not affect a substantial right [and] is therefore not

immediately appealable under section 1-277(a).” Id. at ___, 759 S.E.2d at 307. See

also Green, 203 N.C. App. at 265-66, 690 S.E.2d at 760 (“[T]his Court has declined to

address interlocutory appeals of a lower court’s denial of a Rule 12(b)(1) motion to

dismiss despite the movant’s reliance upon the doctrine of sovereign immunity.”);

Meherrin Indian Tribe v. Lewis, 197 N.C. App. 380, 385, 677 S.E.2d 203, 207 (2009)

(holding “defendants’ appeal from the denial of their Rule 12(b)(1) motion based on

 - 10 -
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

sovereign immunity is neither immediately appealable pursuant to N.C. Gen. Stat. §

1-277(b), nor affects a substantial right.”).

 In Can Am, this Court concluded its analysis of the jurisdictional issue by

addressing Rule 12(b)(2) motions invoking the sovereign immunity doctrine. This

Court pointed out that “beginning with Sides v. Hospital, 22 N.C.App. 117, 205 S.E.2d

784 (1974), mod. on other grounds, 287 N.C. 14, 213 S.E.2d 297 (1975), this Court has

consistently held that: (1) the defense of sovereign immunity presents a question of

personal, not subject matter, jurisdiction, and (2) denial of Rule 12(b)(2) motions

premised on sovereign immunity are sufficient to trigger immediate appeal under

section 1-277(b).” ___ N.C. App. at ___, 759 S.E.2d at 308.

 As a result, the Court concluded in Can Am that it could consider the merits of

the defendants’ Rule 12(b)(2) motion to dismiss, concluding “[a]s has been held

consistently by this Court, [that] denial of a Rule 12(b)(2) motion premised on

sovereign immunity constitutes an adverse ruling on personal jurisdiction and is

therefore immediately appealable under section 1-277(b).” Id. at ___, 759 S.E.2d at

308. See also Data Gen. Corp. v. Cnty. of Durham, 143 N.C. App. 97, 100, 545 S.E.2d

243, 245-46 (2001) (“[T]his Court has held that an appeal of a motion to dismiss based

on sovereign immunity presents a question of personal jurisdiction rather than

subject matter jurisdiction, and is therefore immediately appealable.”).

 - 11 -
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

 In this case, as in Cam Am, although defendant’s motion to dismiss referred to

Rule 12(b)(6) as well as Rule 12(b)(1), the motion did not mention sovereign

immunity. During the oral argument, where defendant raised the sovereign

immunity doctrine for the first time, defendant relied only on Rules 12(b)(1) and

12(b)(2) in arguing that the complaint was barred by sovereign immunity and did not

rely upon Rule 12(b)(6). 2 As Can Am emphasizes, to the extent that defendant relied

on Rule 12(b)(1) in moving to dismiss on sovereign immunity grounds, that motion

does not support an interlocutory appeal. ___ N.C. App. at ___, 759 S.E.2d at 308.

Further, since neither defendant’s written motion nor its oral argument at the

hearing relied on Rule 12(b)(6) in connection with the sovereign immunity defense,

the case law authorizing interlocutory appeals for denial of a Rule 12(b)(6) motion

based on sovereign immunity does not apply.

 With respect to Rule 12(b)(2), defendant did not assert a sovereign immunity

defense based on Rule 12(b)(2) until the hearing, when defendant argued that it

should not matter whether its sovereign immunity argument was brought under Rule

12(b)(1) or under Rule 12(b)(2). Even though defendant mentioned Rule 12(b)(2) in

 2The dissent points to the transcript as showing that defendant did argue for dismissal on
sovereign immunity. To the contrary, the case referenced by defense counsel in the quotation included
in the dissent, held that a motion to dismiss based on sovereign immunity falls under Rule 12(b)(1) or
12(b)(2): “[T]he parties’ briefs address the issue of sovereign immunity. A motion to dismiss based on
sovereign immunity is a jurisdictional issue; whether sovereign immunity is grounded in a lack of
subject matter jurisdiction or personal jurisdiction is unsettled in North Carolina.” M Series Rebuild,
LLC v. Town of Mount Pleasant, Inc., 222 N.C. App. 59, 62, 730 S.E.2d 254, 257 (2012) (citing only
cases involving 12(b)(1) and 12(b)(2)).

 - 12 -
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

its oral argument, the trial court’s order referred only to Rules 12(b)(1) and 12(b)(6)

and made no reference to Rule 12(b)(2). Because defendant did not include Rule

12(b)(2) in its motion, the trial court reasonably confined its order to the bases

asserted in the motion: Rules 12(b)(1) and 12(b)(6). See N.C.R. Civ. P. 7(b)(1)

(providing that motion “shall be made in writing, shall state with particularity the

grounds therefor, and shall set forth the relief or order sought”).

 In addition, Rule 10(a)(1) of the Rules of Appellate Procedure provides that in

order for a party to properly preserve an issue for appeal, the party not only must

have raised the issue below, but “[i]t is also necessary for the complaining party to

obtain a ruling upon the party’s request, objection, or motion.” Since defendant did

not take any action to obtain a ruling on its oral Rule 12(b)(2) motion, defendant did

not preserve for appellate review the question whether the trial court erred in not

applying the sovereign immunity doctrine under Rule 12(b)(2).

 Notably, defendant does not argue on appeal that the trial court erred in failing

to address Rule 12(b)(2) and, for that reason as well, the issue regarding denial of a

motion to dismiss under Rule 12(b)(2) is not properly before us. It is well established

that “[i]t is not the role of the appellate courts . . . to create an appeal for an appellant.”

Viar v. N.C. Dep’t of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005).

 Accordingly, since our role is simply to review the actions of the court below,

we find no basis for concluding that this Court has jurisdiction over the appeal

 - 13 -
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

pursuant to Rule 12(b)(2). Because we do not have jurisdiction over defendant’s

appeal, we are required to dismiss it without reaching the merits of defendant’s

underlying sovereign immunity argument. See Casper v. Chatham Cnty., 186 N.C.

App. 456, 459-60, 651 S.E.2d 299, 302 (2007) (“ ‘If a court finds at any stage of the

proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss

the case for want of jurisdiction.’ ” (quoting Sarda v. City/Cnty. of Durham Bd. of

Adjustment, 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003))).

 Defendant also contends on appeal that the trial court erred in denying its

motion to dismiss on the grounds of mootness. Defendant did not, however, in its

statement of the grounds for appellate review, make any argument that the trial

court’s denial of its motion to dismiss on the grounds of mootness affects a substantial

right. And, it is not the role of this Court to find a justification for exercising

jurisdiction. See Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444

S.E.2d 252, 254 (1994) (“It is not the duty of this Court to construct arguments for or

find support for appellant’s right to appeal from an interlocutory order; instead, the

appellant has the burden of showing this Court that the order deprives the appellant

of a substantial right which would be jeopardized absent a review prior to a final

determination on the merits.”).

 Regardless, this Court has held that “mootness is properly raised through a

motion under . . . Rule 12(b)(1)” as an issue of subject matter jurisdiction. Yeager v.

 - 14 -
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 Opinion of the Court

Yeager, 228 N.C. App. 562, 565, 746 S.E.2d 427, 430 (2013). However, it is well

established in North Carolina that “[a] trial judge’s order denying a motion to dismiss

for lack of subject matter jurisdiction is interlocutory and not immediately

appealable.” Shaver v. N.C. Monroe Constr. Co., 54 N.C. App. 486, 487, 283 S.E.2d

526, 527 (1981). Therefore, we have no jurisdiction over the mootness issue and

cannot address it.3 Accordingly, we dismiss this appeal and remand for further

proceedings.

 DISMISSED AND REMANDED.

 Judge BRYANT concurs.

 Judge TYSON dissents in a separate opinion.

 3In addition, defendant has filed a motion to supplement the record and take judicial notice of
facts relating solely to the issue of mootness. Since that issue is not properly before us, we deny that
motion.

 - 15 -
 No. COA15-375 – Murray v. Univ. of NC at Chapel Hill

 TYSON, Judge, dissenting.

 The record shows plaintiff alleged and argued sovereign immunity under Rule

12(b)(6), and obtained the trial court’s ruling on this issue. The majority’s opinion

holds this Court is without jurisdiction to hear defendant’s appeal, because defendant

only preserved its sovereign immunity argument under Rule 12(b)(1) (lack of subject

matter jurisdiction), and not under Rules 12(b)(2) (lack of personal jurisdiction) and

12(b)(6) (failure to state a claim). I respectfully dissent from the majority’s dismissal

of defendant’s appeal. I vote to review defendant’s appeal on the merits, and reverse

the trial court’s denial of defendant’s Rule 12(b)(6) motion to dismiss.

 I. Rule 12(b)(6)

 A. Jurisdiction to Hear Defendant’s Appeal

 Generally, the denial of a motion to dismiss is interlocutory and not

immediately appealable to this Court. Reid v. Cole, 187 N.C. App. 261, 263, 652

S.E.2d 718, 719 (2007). Many precedents hold a denial of a Rule 12(b)(6) motion to

dismiss on the basis of sovereign immunity affects a substantial right and is

immediately appealable. Green v. Kearney, 203 N.C. App. 260, 266, 690 S.E.2d 755,

761 (2010); see also Can Am v. State, __ N.C. App. __, __, 759 S.E.2d 304, 307, disc.

review denied, 367 N.C. 791, 766 S.E.2d 624 (2014) (“Had defendants moved to

dismiss based on the defense of sovereign immunity pursuant to Rule 12(b)(6), we

would be bound by the longstanding rule that the denial of such a motion affects a

substantial right and is immediately appealable under [N.C. Gen. Stat. §] 1-277(a).”).
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 TYSON, J., dissenting

The majority’s holding that this “longstanding rule” is inapplicable “[s]ince the only

sovereign immunity argument preserved below raised the issue under Rule 12(b)(1)”

is error.

 Defendant’s motion to dismiss states defendant “moves to dismiss Plaintiff’s

Complaint pursuant to Rules 12(b)(1) and/or 12(b)(6) of the North Carolina Rules of

Civil Procedure for mootness, lack of standing, lack of subject matter jurisdiction, and

failure to state a claim upon which relief may be granted.” (emphasis supplied). At

the hearing, defendant’s counsel correctly argued:

 First, it is well settled in North Carolina courts that the
 State is immune from suit, absent waiver or consent.
 Sovereign immunity extends to state agencies, which
 includes the University of North Carolina at Chapel Hill.
 Some court[s] have treated sovereign immunity as a
 12(b)(1) defense while others have treated it as a 12(b)(2)
 defense. However, in Myers v. McGrady, the North
 Carolina Supreme Court referred to the sovereign
 immunity bar as: Fatal to jurisdiction without further
 specification.

 The party seeking access to the Court bears the burden of
 proving that the Court has subject matter jurisdiction.
 And when it appears by suggestion of the parties or
 otherwise that the Court lacks subject matter jurisdiction,
 the Court shall dismiss the action under Rule 12(h)(3).
 Furthermore, as held in M Series Rebuild LLC v. Town of
 Mount Pleasant, which I do have copies of for the Court if
 you would like to review it, the plaintiff’s complaint must
 affirmatively demonstrate the basis for waiver of immunity
 when suing a government entity. Here the complaint
 neither alleged a waiver of immunity nor demonstrated the
 basis for such a waiver. Accordingly, the complaint should
 be dismissed on sovereign immunity grounds.

 2
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 TYSON, J., dissenting

(emphasis supplied).

 The majority’s opinion fails to consider defendant’s arguments and authorities

cited, and incorrectly concludes defendant failed to assert sovereign immunity under

Rule 12(b)(6) at the hearing. Rule 12(b)(6) allows a party to assert the immunity and

move for a dismissal for the “failure to state a claim upon which relief can be granted.”

N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2015).

 It is well-settled that “[i]n order to overcome a defense of [sovereign] immunity,

the complaint must specifically allege a waiver of [sovereign] immunity. Absent such

an allegation, the complaint fails to state a cause of action.” Green, 203 N.C. App. at

268, 690 S.E.2d at 762 (citation omitted) (emphasis supplied). Defendant’s argument

to the trial court clearly raises Rules 12(b)(1), 12(b)(2), and 12(b)(6). Defense counsel

clearly argues that plaintiff’s complaint fails to state a claim by “neither alleg[ing] a

waiver of immunity nor demonstrat[ing] the basis for such a waiver.”

 The trial court explicitly ruled on defendant’s motion under Rule 12(b)(6) in

the written order. The court found “that it possesses subject matter jurisdiction over

this action and that the plaintiff’s complaint has made allegations sufficient to state

a claim upon which relief may be granted under some legal theory.” (emphasis

supplied).

 The majority opinion’s conclusion that defendant did not raise sovereign

immunity under Rule 12(b)(6) is simply not supported and is contradicted by, the

 3
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 TYSON, J., dissenting

arguments of defendant’s counsel at the hearing and on the record. The denial of a

motion to dismiss on the grounds of sovereign immunity based on Rule 12(b)(6) is

immediately appealable. Defendant raised and argued sovereign immunity under

Rule 12(b)(6) before the trial court. Id. at 266, 690 S.E.2d at 761.

 B. Denial of Defendant’s 12(b)(6) Motion

 1. Standard of Review

 On a motion to dismiss pursuant to Rule 12(b)(6) of the
 North Carolina Rules of Civil Procedure, the standard of
 review is whether, as a matter of law, the allegations of the
 complaint, treated as true, are sufficient to state a claim
 upon which relief may be granted under some legal theory.
 The complaint must be liberally construed, and the court
 should not dismiss the complaint unless it appears beyond
 a doubt that the plaintiff could not prove any set of facts to
 support his claim which would entitle him to relief.

Holleman v. Aiken, 193 N.C. App. 484, 491, 668 S.E.2d 579, 584-85 (2008) (citation

and quotation marks omitted).

 “Dismissal is warranted (1) when the face of the complaint reveals that no law

supports plaintiffs’ claim; (2) when the face of the complaint reveals that some fact

essential to plaintiffs’ claim is missing; or (3) when some fact disclosed in the

complaint defeats plaintiffs’ claim.” Walker v. Sloan, 137 N.C. App. 387, 392, 529

S.E.2d 236, 241 (2000) (citation and internal quotation marks omitted) (emphasis

supplied).

 “[T]he trial court regards all factual allegations of the complaint as true. Legal

conclusions, however, are not entitled to a presumption of truth.” Id. (citations

 4
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 TYSON, J., dissenting

omitted). This Court “conducts a de novo review of the pleadings to determine their

legal sufficiency and to determine whether the trial court’s ruling on the motion to

dismiss was correct.” Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A., 231 N.C.

App. 70, 74, 752 S.E.2d 661, 663-64 (2013) (citation omitted).

 2. Failure to Allege Waiver of Sovereign Immunity

 Defendant argues the trial court erred by denying his motion to dismiss where

the complaint fails to allege a waiver of sovereign immunity. I agree.

 The doctrine of sovereign immunity is well settled in North Carolina courts:

 It is an established principle of jurisprudence, resting on
 grounds of sound public policy, that a state may not be sued
 in its own courts or elsewhere unless it has consented by
 statute to be sued or has otherwise waived its immunity
 from suit.

Welch Contracting, Inc. v. N.C. Dep’t of Transp., 175 N.C. App. 45, 51, 622 S.E.2d 691,

695 (2005) (citing Smith v. Hefner, 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952)).

Sovereign immunity applies in actions brought for declaratory relief, Petroleum

Traders Corp. v. State, 190 N.C. App. 542, 547, 660 S.E.2d 662, 664 (2008), and

extends to state agencies. Welch, 175 N.C. App. at 51, 622 S.E.2d at 695. The court

lacks jurisdiction where the doctrine of sovereign immunity applies, and plaintiff’s

claim must be dismissed on jurisdictional grounds. Id. at 56, 622 S.E.2d at 698.

 Sovereign immunity “is immunity from suit rather than a defense to liability.”

Moore v. Evans, 124 N.C. App. 35, 40, 476 S.E.2d 415, 420 (1996). This Court and

 5
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 TYSON, J., dissenting

our Supreme Court have repeatedly held: “In order to overcome a defense of

governmental immunity, the complaint must specifically allege a waiver of

governmental immunity. Absent such an allegation, the complaint fails to state a

cause of action.” Paquette v. County of Durham, 155 N.C. App. 415, 418, 573 S.E.2d

715, 717 (2002) (internal citations omitted) (emphasis supplied), disc. review denied,

357 N.C. 165, 580 S.E.2d 695 (2003). See also Clark v. Burke County, 117 N.C. App.

85, 88, 450 S.E.2d 747, 748 (1994) (“[A]bsent an allegation to the effect that

[sovereign] immunity has been waived, the complaint fails to state a cause of action.”

(emphasis supplied)). “While this principle has been applied primarily in cases

involving counties or municipalities, this Court [has] held . . . that it is equally

applicable in suits against the State and its agencies.” Fabrikant v. Currituck County,

174 N.C. App. 30, 38, 621 S.E.2d 19, 25 (2004) (citing Vest v. Easley, 145 N.C. App.

70, 74, 549 S.E.2d 568, 573 (2001)).

 It is undisputed that defendant is an agency of the State of North Carolina and

enjoys sovereign immunity from suit. See Welch, 175 N.C. App. at 51, 622 S.E.2d at

695. Plaintiff’s complaint asserts no cause of action against defendant without a

specific allegation that defendant has waived sovereign immunity. “[A]s long as the

complaint contains sufficient allegations to provide a reasonable forecast of waiver,

precise language alleging that the State has waived the defense of sovereign

immunity is not necessary.” Fabrikant, 174 N.C. App. at 38, 621 S.E.2d at 25. Here,

 6
 MURRAY V. UNIV. OF NC AT CHAPEL HILL

 TYSON, J., dissenting

plaintiff’s complaint is wholly silent and asserts no allegations, which support any

lawful conclusion that defendant has “consented by statute to be sued or has

otherwise waived its immunity from suit.” Welch, 175 N.C. App. at 51, 622 S.E.2d at

695 (citations and quotation marks omitted).

 II. Conclusion

 Defendant’s motion to dismiss alleges plaintiff’s failure to state a claim under

Rule 12(b)(6). At the hearing, defendant argued and cited authority to show plaintiff’s

complaint neither alleged a waiver of immunity nor demonstrated the basis for such

a waiver, and should be dismissed on sovereign immunity grounds. The record clearly

shows defendant raised sovereign immunity at the hearing under Rule 12(b)(6). This

issue is properly before this Court.

 Plaintiff’s complaint fails to specifically allege defendant has “consented by

statute to be sued or has otherwise waived its immunity from suit.” Id. Plaintiff has

failed to state a claim upon which relief can be granted. The trial court erred by

denying defendant’s motion to dismiss under Rule 12(b)(6). The order of the trial

court should be reversed. I respectfully dissent.

 7