MEHERRIN INDIAN TRIBE, DOROTHY LEE, JONATHAN CAUDILL, MARGO HOWARD, ABBY REID, THERESA LANGSTON, WAYNE MELTON, WAYNE BROWN, AND KELLY BROWN, PLAINTIFFS v. THOMAS LEWIS, ERNEST POOLE, DIANE BYRD, AARON WINSTON, TERRY HALL, PATRICK RIDDICK, JANET L. CHAVIS, DOUG PATTERSON, DENYCE HALL, DOROTHY MELTON, AND BEVERLY MELTON, DEFENDANTS

No. COA08-928

(Filed 2 June 2009)

## 1. Appeal and Error— appealability—Rule 54 certification— no effect

A Rule 54(b) certification for immediate appeal had no effect where the trial court did not enter a final judgment as to fewer than all of the claims or parties in the action.

## 2. Appeal and Error— appealability—interlocutory order— motion to dismiss—sovereign immunity—personal jurisdiction

The Court of Appeals denied plaintiffs' motion to dismiss as interlocutory defendants' appeal from the denial of their Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, which was based on sovereign immunity.

## 3. Appeal and Error— appealability—interlocutory order— sovereign immunity

The denial of defendants' Rule 12(b)(1) motion to dismiss based on sovereign immunity was not immediately appealable pursuant to N.C.G.S. § 1-277(b), nor did it affect a substantial right. Although defendants alleged lack of standing as a second basis for their motion to dismiss at trial, they did not argue on appeal that this affected a substantial right.

## 4. Appeal and Error— appealability—interlocutory order— sovereign immunity—Rule 12(b)(6) motion to dismiss—substantial right

Plaintiff's motion to dismiss defendant's appeal from the denial of their Rule 12(b)(6) motion to dismiss based on sovereign immunity was denied; such a motion affects a substantial right.

## 5. Indians— Meherrin Indian Tribe—sovereign immunity— predicate facts not present

The trial court correctly denied defendants' Rule 12(b)(2) and (6) motions to dismiss where those motions were based solely on

a claim of sovereign immunity as an Indian tribe. The predicate facts which would present a sovereign immunity defense were not present where the tribe has no reservation and has not been recognized by the federal government; and the constitution of the tribe has no functioning judiciary for resolution of intra-tribal disputes to which this dispute could be referred prior to litigation.

Appeal by defendants from order entered 8 May 2008 by Judge Cy A. Grant, Sr., in Hertford County Superior Court. Heard in the Court of Appeals 14 January 2009.

*Barry Nakell for plaintiff-appellees.*

*Patterson Dilthey, LLP, by Edward K. Brooks, for defendant-appellants.*

HUNTER, JR., Robert N., Judge.

Thomas Lewis, *et al.* (collectively, "defendants") appeal an order entered 8 May 2008, which denied their motion to dismiss based on N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (2), and (6). We affirm the trial court's dismissal of the Rule 12(b)(2) and (6) motions and dismiss the appeal of the Rule 12(b)(1) motion as interlocutory.

## I. Background

The Meherrin Indian Tribe ("the Tribe") is composed of the descendents of indigenous peoples who formerly resided at the mouth of the Meherrin River Valley and "who are of the same linguistic stock as the Cherokee, Tuscarora, and other tribes of the Iroquois Confederacy of New York and Canada . . . ." N.C. Gen. Stat. § 71A-7.1 (2007). These descendents "now resid[e] in small communities in Hertford, Bertie, Gates, and Northampton Counties . . . ." *Id.* The Tribe has not been recognized by the federal government and although N.C. Gen. Stat. § 71A-7.1 states that "in 1726 [the Tribe] w[as] granted reservational lands[,]" any such right to these lands now appears extinguished.

The Tribe is governed by the 1996 Meherrin Tribe Constitution and By-Laws, as amended. On 10 November 2007, the Tribe held a duly noticed and regularly scheduled meeting of its General Body. The Tribe, Dorothy Lee, *et al.* (collectively, "plaintiffs") allege that at that meeting, the General Body removed defendant Thomas Lewis as Chief of the Tribe and scheduled the next meeting of the General Body for 12 January 2008.

At this second meeting, plaintiffs allege that the General Body removed the remaining members of the Tribal Council, removed the Tribe's representative to the North Carolina Commission on Indian Affairs, and elected a new Tribal Council. As a result of these actions, plaintiffs allege that plaintiff Dorothy Lee became Acting Chief of the Tribe. Plaintiffs further allege that the Secretary of the General Body was removed by the General Body at the Tribe's regularly scheduled 8 March 2008 meeting. It is the dispute between these factions of the Tribe which underlie this litigation.

On 13 March 2008, plaintiffs individually and on behalf of the Tribe filed a complaint against the individuals plaintiffs contend formerly held tribal office. The complaint contained a claim for declaratory judgment, a claim for injunctive relief, and an action to quiet title. Plaintiffs' complaint alleged: (1) the Tribe's General Body removed defendants at tribal meetings on 10 November 2007, 12 January 2008, and 8 March 2008; (2) defendants did not timely appeal their removal to the Tribe's Grievance Committee; (3) plaintiffs were properly elected by the Tribe's General Body at meetings on 12 January 2008 and 8 March 2008; (4) plaintiffs directed defendants to deliver "all books, records, materials, funds, keys, material relating to control of the Meherrin Indian Tribe web site, and property in their possession or control belonging to the Meherrin Indian Tribe[;]" (5) defendants failed to deliver all requested material; and (6) the Tribal Council and the Tribe's General Body never approved the property transfer purportedly accomplished by a deed recorded on 21 October 2005 in Hertford County's Register of Deeds Office.

In addition to the Tribe there is alleged to exist another entity entitled Meherrin Indian Tribe ("MIT, Inc."), a non-profit North Carolina corporation. The legal relationship between the Tribe and the non-profit corporation is not articulated in the pleadings, but the 21 October 2005 deed challenged by plaintiffs transferred a 46.965-acre parcel from MIT, Inc., to "the MEHERRIN INDIAN TRIBE, known as petitioners 119A by the Bureau of Indian Affairs . . . ."

On 8 May 2008, defendants filed a pre-answer motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (2), and (6). Defendants' motion to dismiss claimed "the underlying facts raised in the Complaint arise from acts of self-governance over the people and property of the Meherrin Tribe of North Carolina[;] this action should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction and for Plaintiffs' failure to state a claim upon which relief may be granted." Defendants further alleged that "Plaintiffs'

action should be dismissed for lack of subject matter jurisdiction based on Plaintiffs' lack of standing to bring suit."

The trial court denied defendants' motion to dismiss, found "that [its] Order affect[ed] a substantial right of Defendants[,]" and certified its order for immediate appeal pursuant to N.C. Gen. Stat. §§ 1-277(a) and 1A-1, Rule 54(b). Defendants appeal.

## II.  Interlocutory Appeal

[1] On 8 August 2008, plaintiffs filed a motion to dismiss defendants' appeal as interlocutory and premature. Plaintiffs alleged the trial court's certification for immediate appeal had no effect and the denial of defendants' motion to dismiss did not affect a substantial right of defendants.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950).

> A party may appeal an interlocutory order under two circumstances. First, the trial court may certify that there is no just reason to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action. N.C.G.S. § 1A-1, Rule 54(b) (1990). Second, a party may appeal an interlocutory order that "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment."

*Dep't of Transp. v. Rowe*, 351 N.C. 172, 174-75, 521 S.E.2d 707, 709 (1999) (quoting *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381). A party may also immediately appeal a denial of a motion to dismiss based on lack of personal jurisdiction. N.C. Gen. Stat. § 1-277(b) (2007).

## A.  Rule 54(b) Certification

Here, the trial court certified its order "for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure and Section 1-277(a) of the North Carolina General Statutes." The trial court did not, however, "enter[] a final judgment as to fewer than all of the claims or parties in [the] action." *Rowe*, 351 N.C. at 175, 521 S.E.2d at 709. The trial court's certification of its denial of defendants' motion to dismiss has no effect in this instance. We now turn to

whether this appeal although interlocutory, is properly before us pursuant to N.C. Gen. Stat. § 1-277(b).

## B. N.C. Gen. Stat. § 1-277

[2] N.C. Gen. Stat. § 1-277 allows a party to immediately appeal the denial of a motion to dismiss if the denial either (1) affects a substantial right or (2) is based on lack of personal jurisdiction. N.C. Gen. Stat. § 1-277 (2007). In the present case, the sole basis for defendants' Rule 12(b)(2) and (6) motions to dismiss is defendant's claim of sovereign immunity. Defendant's 12(b)(1) motion to dismiss is based on sovereign immunity and plaintiffs' lack of standing.

### Defendants' appeal from denial of Rule 12(b)(2) motion

In *Teachy v. Coble Dairies, Inc.*, our Supreme Court stated:

> Although the federal courts have tended to minimize the importance of the designation of a sovereign immunity defense as either a Rule 12(b)(1) motion regarding subject matter jurisdiction or a Rule 12(b)(2) motion regarding jurisdiction over the person, the distinction becomes crucial in North Carolina because G.S. 1-277(b) allows the immediate appeal of a denial of a Rule 12(b)(2) motion but not the immediate appeal of a denial of a Rule 12(b)(1) motion.

*Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327-28, 293 S.E.2d 182, 184 (1982). While our Supreme Court in *Teachy* declined to determine whether sovereign immunity is a question of subject matter jurisdiction or personal jurisdiction, our Court has held "that an appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable." *Data Gen. Corp. v. Cty. of Durham*, 143 N.C. App. 97, 100, 545 S.E.2d 243, 245-46 (2001) (citing N.C. Gen. Stat. § 1-277 (1996) and *Zimmer v. N.C. Dep't of Transp.*, 87 N.C. App. 132, 133-34, 360 S.E.2d 115, 116 (1987)). Therefore, pursuant to *Data Gen. Corp* and *Zimmer*, plaintiffs' motion to dismiss defendants' appeal as interlocutory is denied with respect to defendants' appeal from denial of their Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

### Defendants' appeal from denial of Rule 12(b)(1) motion

[3] N.C. Gen. Stat. § 1-277(b) allows only for an immediate appeal of the denial of a motion to dismiss based on personal jurisdiction, not subject matter jurisdiction. Further, pursuant to *Data Gen. Corp.*, the

claim of sovereign immunity cannot be the basis for a motion to dismiss for lack of subject matter jurisdiction. Therefore, we hold defendants' appeal from the denial of their Rule 12(b)(1) motion based on sovereign immunity is neither immediately appealable pursuant to N.C. Gen. Stat. § 1-277(b), nor affects a substantial right.

Defendants alleged plaintiffs' lack of standing as a second basis for their motion to dismiss based on lack of subject matter jurisdiction. However, on appeal, defendants failed to argue why the denial of a motion to dismiss based on lack of standing affects a substantial right of defendants. "An appellant bears the burden of demonstrating that an order will adversely affect a substantial right." *Crouse v. Mineo*, 189 N.C. App. 232, 235, 658 S.E.2d 33, 35 (2008) (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)). Therefore, plaintiffs' motion to dismiss defendants' appeal as interlocutory is granted with respect to defendants' appeal from the denial of their Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

### Defendants' appeal from denial of Rule 12(b)(6) motion

[4] Our Court in *Anderson v. Town of Andrews* held that an appeal from the denial of a Rule 12(b)(6) motion to dismiss based on sovereign immunity affects a substantial right and is therefore immediately appealable. *Anderson v. Town of Andrews*, 127 N.C. App. 599, 601, 492 S.E.2d 385, 386 (1997) (citing *EEE-ZZZ Lay Drain Co. v. N.C. Dept. of Human Resources*, 108 N.C. App. 24, 27, 422 S.E.2d 338, 340 (1992), *overruled on other grounds by Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997)) (holding if immunity is raised as a basis in the motion for summary adjudication, a substantial right is affected and the denial is immediately appealable). Therefore, plaintiffs' motion to dismiss defendants' appeal from the denial of their Rule 12(b)(6) motion to dismiss based on sovereign immunity is denied.

### III.  Merits of defendants' appeal

[5] We now turn to review of the trial court's denial of defendants' motions to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) and (6). Defendants' sole basis for their Rule 12(b)(2) and (6) motions to dismiss is defendants' claim of sovereign immunity.

The Meherrin Tribe has no reservation. The Tribe has not been recognized by the federal government. The constitution of the Tribe has no functioning judiciary for resolution of intra-tribal disputes to which this dispute could be referred prior to litigation. The sole

source of legal authority of the Tribe flows from N.C. Gen. Stat. § 71A-7.1 which reads as follows:

> The Indians now residing in small communities in Hertford, Bertie, Gates, and Northampton Counties, who in 1726 were granted reservational lands at the mouth of the Meherrin River in the vicinity of present-day Parker's Ferry near Winton in Hertford County, and who are of the same linguistic stock as the Cherokee, Tuscarora, and other tribes of the Iroquois Confederacy of New York and Canada, shall, from and after July 20, 1971, be designated and officially recognized as the Meherrin Tribe of North Carolina, and shall continue to enjoy all their rights, privileges, and immunities as citizens of the State as now or hereafter provided by law, and shall continue to be subject to all the obligations and duties of citizens under the law.

While indigenous tribes may enjoy sovereign immunity over some disputes, the predicate facts which would present a sovereign immunity defense are not present here. *See Jackson Co. v. Swayney*, 319 N.C. 52, 352 S.E.2d 413 (1987) (dismissing child custody case on jurisdictional grounds of sovereign immunity arising from Eastern Band of Cherokee reservation). Based upon the above-cited statute, the trial court correctly denied defendants' Rule 12(b)(2) and (6) motions to dismiss.

Affirmed in part, dismissed in part.

Judges McGEE and JACKSON concur.