An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1020
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

FORREST TRAVIS COSTON,
        Plaintiff,

v.                                    Mecklenburg County
                                      No. 11 CVS 22954
UNIVERSITY OF NORTH CAROLINA AT
CHARLOTTE; PHILIP L. DUBOIS in his
official capacity; GARY W.
STINNENT in his individual and
official capacity,
        Defendants.


Appeal by defendants from order entered 6 June 2013 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 March 2014.

*No brief filed on behalf of plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Katherine A. Murphy, for defendants-appellants.*

HUNTER, Robert C., Judge.


Defendants appeal the order denying their motion to dismiss. On appeal, defendants contend that: (1) the interlocutory order is immediately appealable because it involves sovereign immunity; (2) the trial court erred in

denying UNCC's motion to dismiss based on sovereign immunity; (3) the trial court erred in denying defendants Dubois's and Stinnent's motion to dismiss based on lack of personal jurisdiction; and (4) the trial court erred in denying defendants' motion to dismiss based on plaintiff's failure to state a claim upon which relief can be granted and *res judicata*.

After careful review, because plaintiff could not assert a claim of wrongful discharge in violation of public policy as a state employee, we reverse the order denying defendants' motion to dismiss.

## Background

As alleged in the amended complaint, plaintiff Forrest Coston was a police officer at the University of North Carolina at Charlotte ("UNCC"). On 26 July 2009, while attending a convention in Norfolk, Virginia, a Virginia state trooper found plaintiff asleep in his car. Plaintiff was given an alco-sensor test which registered his blood alcohol level as 0.11. Upon returning to UNCC, plaintiff realized that he had left his weapon in his hotel room in Norfolk. However, he lied and told his supervisors that the weapon was in the hotel safe. Plaintiff's supervisors learned the truth, and he was dismissed for violations of various regulations and police general orders.

Plaintiff filed a petition for a contested case hearing in the Office of Administrative Hearings ("OAH") on 8 November 2010. The Administrative Law Judge issued a decision on 24 February 2011, concluding that UNCC had just cause to dismiss plaintiff and that plaintiff was not discriminated against based on his race.

Plaintiff instituted the current action on 17 December 2012 by filing a complaint against only defendant UNCC. The matter was removed to the United States District Court for the Western District of North Carolina on 20 August 2012. Plaintiff amended his complaint and added defendants Philip Dubois ("Dubois"), in his official capacity, and Gary Stinnent ("Stinnent"), in his individual and official capacity. In the amended complaint, plaintiff sought relief based on the following causes of action: (1) wrongful discharge in violation of public policy; and (2) violations of 42 U.S.C. §§ 1981 and 1983. After defendants filed a motion to dismiss, plaintiff dismissed his federal law claims with prejudice and moved to remand the state law claim for wrongful discharge back to Mecklenburg County Superior Court, which was allowed.

On 15 March 2013, defendants filed a motion to dismiss the amended complaint, and plaintiff filed a motion to amend his

complaint a second time. With regard to defendants' motion to dismiss, defendants asserted the following grounds: (1) the individual defendants had not been served with the complaint or summons; (2) plaintiff failed to state a claim upon which relief can be granted; and (3) the wrongful discharge claim is barred by the statute of limitations, sovereign immunity, and *res judicata.*

The matters came on for hearing on 2 May 2013. The trial court denied both motions. Specifically, the trial court found that because "state employees may assert a claim for wrongful discharge in violation of public policy," the motion to dismiss was denied. Defendant timely appealed.

**Interlocutory Nature of Appeal**

Initially, it should be noted that defendants are appealing an interlocutory order denying their motion to dismiss pursuant to Rules 12(b)(1), (2), (4), (5), and (6). Thus, we must first determine whether the order is immediately appealable. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, this Court has long held that a denial of a Rule 12(b)(6) motion to dismiss on the basis of sovereign immunity affects a

substantial right and is immediately appealable. *Green v. Kearney*, 203 N.C. App. 260, 266, 690 S.E.2d 755, 761 (2010); *Meherrin Indian Tribe v. Lewis*, 197 N.C. App. 380, 384, 677 S.E.2d 203, 207 (2009). Moreover, although this appeal presents additional issues other than sovereign immunity, it is well-established that this Court may, in the interest of judicial economy, entertain the entirety of an appeal involving an issue which affects a substantial right, even though the remaining issues on appeal do not, in and of themselves, affect such a right. *Block v. Cnty. of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000); *Houpe v. City of Statesville*, 128 N.C. App. 334, 340, 497 S.E.2d 82, 87 (1998). Thus, in the interest of judicial economy, we also will address defendants' other arguments on appeal, which relate to the sufficiency of the complaint.

## Arguments

Defendants argue that the trial court erred in denying their motion to dismiss because plaintiff failed to state a claim upon which relief can be granted. Specifically, defendants contend that the claim of wrongful discharge is only available to at-will employees; since plaintiff could only be dismissed with cause as a state employee, he was not entitled to

assert a claim for relief based on the tort of wrongful discharge. We agree.

"The motion to dismiss under N.C.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion, the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted), *overruled on other grounds by Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). Our review is *de novo*. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

In its order, with regard to whether a state employee can assert a claim for wrongful discharge, the trial court specifically found that state employees are entitled to this cause of action. However, this Court has specifically noted that: "the tort of wrongful discharge arises only in the context of employees at will. Breach of contract is the proper claim for a wrongfully discharged employee who is employed for a definite term or an employee subject to discharge only for 'just cause.'" *Wagoner v. Elkin City School Bd. of Educ.*, 113 N.C. App. 579,

588, 440 S.E.2d 119, 125 (1994); *see also Coman v. Thomas Mfg. Co., Inc.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989) (noting that the claim of wrongful discharge is a public policy exception to the employee-at-will doctrine). Here, since plaintiff was a permanent state employee subject to chapter 126 of the North Carolina General Statutes, he could only be fired for just cause. N.C. Gen. Stat. § 126-35(a) (2013). Therefore, as a matter of law, plaintiff was not entitled to assert a cause of action for wrongful discharge in violation of public policy. Accordingly, the trial court erred in denying defendants' motion to dismiss based on plaintiff's failure to state a claim upon which relief can be granted, and we reverse the trial court's order.[1]

## Conclusion

Because plaintiff, an employee who could only be discharged for just cause, was not entitled to assert a cause of action for wrongful discharge in violation of public policy, we reverse the trial court's order denying defendants' motion to dismiss.

REVERSED.

---

[1] As we are reversing the trial court's order as to all defendants, it is not necessary to address defendants' remaining arguments on appeal.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).