McCULLOUGH, Judge.
 

 *117
 
 Shu Chaing, Ph.D., and Susan Bowman (together "defendants") appeal from an interlocutory order denying their motions to dismiss the case on grounds of public official immunity. For the following reasons, we dismiss the appeal.
 

 I.
 
 Background
 

 Jonathan Page ("juvenile") and Loree Oliver ("mother") (together "plaintiffs") first filed a complaint in this matter on 10 August 2015. Plaintiffs then filed an amended complaint on 18 August 2015 (the "first amended complaint") with the sole purpose to correct the last name of one of the defendants. In the first amended complaint, plaintiffs asserted negligence, gross negligence, punitive damages, negligent infliction of
 
 *118
 
 emotional distress,
 
 *627
 
 and medical malpractice claims based on allegations that after juvenile was born to mother on 8 September 2010, defendants, both North Carolina Department of Health and Human Services employees in the State Laboratory of Public Health, followed newborn screening procedures that they knew to be inadequate to evaluate older infants. Plaintiffs allege, in the present case this failure resulted in a missed diagnosis of a treatable inborn metabolism error in juvenile that later caused juvenile to suffer a medical emergency, resulting in severe and permanent brain damage.
 

 Defendants filed motions to dismiss and motions to strike on 21 October 2015. Pertinent to this appeal, defendants' motions to dismiss asserted that the court lacks subject matter jurisdiction because (1) defendants are being sued in their official capacity and the State has not waived sovereign immunity, (2) plaintiffs have not specifically pleaded that the State waived sovereign immunity, and (3) defendants are public officials and are entitled to all immunities afforded public officials. Notice of hearing filed 11 December 2015 indicated defendants' motions to dismiss would be heard on 1 February 2016.
 
 [1]
 

 Prior to the hearing on defendants' motion to dismiss, plaintiffs filed a motion to amend the first amended complaint and then filed a notice of hearing on 21 January 2016 indicating the motion to amend would also be heard on 1 February 2016. Plaintiffs then filed an amended motion to amend the first amended complaint on 29 January 2016. Pertinent to this appeal, the amended motion sought to insert the words "individually and in her individual capacity" after the names of each defendant, each time the name of a defendant appeared in the first amended complaint.
 

 The motions came on for hearing in Wake County Superior Court before the Honorable W. Osmond Smith III on 1 February 2016. At the beginning of the hearing, defendants informed the judge that they were proceeding on their motions to dismiss on the bases that (1) the court lacked subject matter jurisdiction, Rule 12(b)(1), because plaintiffs failed to allege in the original complaint and the first amended complaint in what capacity defendants were being sued and (2) plaintiffs' failed to state a claim, Rule 12(b)(6), because there was no duty owed to plaintiffs by defendants. Defendants withdrew the remainder of their
 
 *119
 
 motions to dismiss. In response, plaintiffs argued that they believed the amended complaint was sufficient to show that defendants were being sued in their individual capacities; but in any event, plaintiffs filed the amended motion to amend the first amended complaint to address defendants' confusion and avoid "this kind of hypertechnical argument about the form of the complaint." Upon considering the arguments, the court granted plaintiffs' amended motion to amend the first amended complaint. The court then heard and considered arguments on defendants' motions to dismiss. The court held the subject matter jurisdiction portion of defendants' motions to dismiss was moot as a result of its granting plaintiffs' motion to amend. The court then denied defendants' Rule 12(b)(6) motion based on the argument that defendants owed no duty to plaintiffs.
 

 On 2 February 2016, the court filed an order allowing plaintiffs' amended motion to amend the first amended complaint. That same day, plaintiffs filed the second amended complaint against defendants individually and in their individual capacities. Defendants filed separate answers to the second amended complaint on 2 March 2016. On 7 March 2016, the court filed an order denying "each and every of the Motions to Dismiss by [defendants]."
 

 Defendants filed notice of appeal from the order denying their motions to dismiss on 1 April 2016. The notice specifically referenced "motions to dismiss based on claims of public official and sovereign immunity under Rule 12(b)(2) and (6) of the North Carolina Rules of Civil Procedure."
 

 *628
 
 II.
 
 Discussion
 

 The sole issue raised on appeal is whether the trial court erred in denying defendants' motions to dismiss based on assertions of public official immunity. Defendants contend they are immune from suit because they are public officials and not employees. Yet, it appears the trial court never decided that issue below. Thus, we must first address whether defendants' arguments are proper for appeal.
 

 "Typically, the denial of a motion to dismiss is not immediately appealable to this Court because it is interlocutory in nature."
 
 Reid v. Cole
 
 ,
 
 187 N.C.App. 261
 
 , 263,
 
 652 S.E.2d 718
 
 , 719 (2007). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950).
 

 *120
 
 In this case, defendants acknowledge that the order denying their motions to dismiss is interlocutory. Nevertheless, defendants contend that immediate appeal of the interlocutory order is available pursuant to
 
 N.C. Gen. Stat. § 1-277
 
 (a) and (b) because the denial of their motions to dismiss on grounds of public official immunity affects a substantial right.
 

 "[I]mmediate appeal is available from an interlocutory order or judgment which affects a substantial right."
 
 Sharpe v. Worland
 
 ,
 
 351 N.C. 159
 
 , 162,
 
 522 S.E.2d 577
 
 , 579 (1999) (quotation marks omitted);
 
 see also
 

 N.C. Gen. Stat. § 1-277
 
 (2015). This court has held that,
 

 "[o]rders denying dispositive motions based on public official's immunity affect a substantial right and are immediately appealable."
 
 Summey v. Barker
 
 ,
 
 142 N.C.App. 688
 
 , 689,
 
 544 S.E.2d 262
 
 , 264 (2001). A substantial right is affected because "[a] valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit. Were the case to be erroneously permitted to proceed to trial, immunity would be effectively lost."
 
 Slade v. Vernon
 
 ,
 
 110 N.C.App. 422
 
 , 425,
 
 429 S.E.2d 744
 
 , 746 (1993),
 
 implied overruling based on other grounds
 
 ,
 
 Boyd v. Robeson County
 
 ,
 
 169 N.C.App. 460
 
 ,
 
 621 S.E.2d 1
 
 (2005).
 

 Farrell v. Transylvania Cnty. Bd. of Educ.
 
 ,
 
 175 N.C.App. 689
 
 , 694,
 
 625 S.E.2d 128
 
 , 132-33 (2006) ;
 
 see also
 

 Royal Oak Concerned Citizens Ass'n v. Brunswick Cnty.
 
 ,
 
 233 N.C.App. 145
 
 , 149,
 
 756 S.E.2d 833
 
 , 836 (2014) ("As an initial matter, we note that claims of immunity ... affect a substantial right for purposes of appellate review."). However, this Court has also made it clear that it matters how a motion to dismiss based on immunity is presented to the court.
 

 Recently in
 
 Murray v. University of North Carolina at Chapel Hill
 
 , --- N.C.App. ----,
 
 782 S.E.2d 531
 
 (2016) (Tyson, J. dissenting), this court addressed whether it had jurisdiction to hear the defendant's appeal from a denial of a motion to dismiss. In
 
 Murray
 
 , this Court explained that the defendant filed a motion to dismiss "in which defendant asserted that pursuant to Rules 12(b)(1) and/or 12(b)(6) ..., plaintiff's complaint should be dismissed for 'mootness, lack of standing, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.' "
 
 Id
 
 . at ----,
 
 782 S.E.2d at 534
 
 . When the defendant's motion came on for hearing, the defendant argued for the first time that "the complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(2) based on the doctrine of sovereign immunity."
 
 Id
 
 . at ----,
 
 782 S.E.2d at 535
 
 . In denying the defendant's motion, the trial court addressed
 
 *121
 
 Rules 12(b)(1) and 12(b)(6), finding "that it possesses subject matter jurisdiction over this action and that the Plaintiff's complaint has made allegations sufficient to state a claim upon which relief may be granted under some legal theory."
 
 Id
 
 . at ----,
 
 782 S.E.2d at 535
 
 . On appeal from the denial of its motion to dismiss, the defendant argued the appeal was properly before this Court because the trial court rejected its claim that the action was barred by sovereign immunity and, therefore, the order affects a substantial right.
 
 Id
 
 . at ----,
 
 782 S.E.2d at 535
 
 . Over dissent, this Court held that it did not have jurisdiction.
 

 In so holding, this Court relied on its decision in
 
 *629
 

 Can Am South, LLC v. State
 
 ,
 
 234 N.C.App. 119
 
 ,
 
 759 S.E.2d 304
 
 ,
 
 disc. review denied
 
 ,
 
 367 N.C. 791
 
 ,
 
 766 S.E.2d 624
 
 (2014). As this court explained in
 
 Murray
 
 ,
 

 [i]n
 
 Can Am
 
 , the defendants moved to dismiss on sovereign immunity grounds under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(2) for lack of personal jurisdiction, "but notably not Rule 12(b)(6)...."
 
 234 N.C.App. at 122
 
 ,
 
 759 S.E.2d at 307
 
 . Although the defendants had moved to dismiss for failure to state a claim for relief under Rule 12(b)(6), they based their Rule 12(b)(6) motion on the plaintiff's failure to adequately plead an actual controversy and not on the sovereign immunity doctrine.
 
 Id
 
 . at 123-24,
 
 759 S.E.2d at 308
 
 .
 

 This Court held in
 
 Can Am
 
 that "[h]ad defendants moved to dismiss based on the defense of sovereign immunity pursuant to Rule 12(b)(6), we would be bound by the longstanding rule that the denial of such a motion affects a substantial right and is immediately appealable under section 1-277(a)."
 
 Id
 
 . at 122,
 
 759 S.E.2d at 307
 
 .
 
 See also
 

 Green v. Kearney
 
 ,
 
 203 N.C.App. 260
 
 , 266,
 
 690 S.E.2d 755
 
 , 761 (2010) ("This Court has held that a denial of a Rule 12(b)(6) motion to dismiss on the basis of sovereign immunity affects a substantial right and is immediately appealable."),
 
 aff'd per curiam
 
 ,
 
 367 N.C. 113
 
 ,
 
 748 S.E.2d 143
 
 (2013). However, since the defendants had only based their sovereign immunity defense on a lack of either subject matter jurisdiction under Rule 12(b)(1) or personal jurisdiction under Rule 12(b)(2), that longstanding rule was inapplicable.
 
 Can Am
 
 ,
 
 234 N.C.App. at 122
 
 ,
 
 759 S.E.2d at 307
 
 .
 

 The Court next concluded that the defendants' Rule 12(b)(1) motion could not justify an interlocutory appeal because "[a] denial of a Rule 12(b)(1) motion based on
 
 *122
 
 sovereign immunity does not affect a substantial right [and] is therefore not immediately appealable under section 1-277(a)."
 
 Id
 
 . at 122,
 
 759 S.E.2d at 307
 
 .
 
 See also
 

 Green
 
 ,
 
 203 N.C.App. at 265-66
 
 ,
 
 690 S.E.2d at 760
 
 ("[T]his Court has declined to address interlocutory appeals of a lower court's denial of a Rule 12(b)(1) motion to dismiss despite the movant's reliance upon the doctrine of sovereign immunity.");
 
 Meherrin Indian Tribe v. Lewis
 
 ,
 
 197 N.C.App. 380
 
 , 385,
 
 677 S.E.2d 203
 
 , 207 (2009) (holding "defendants' appeal from the denial of their Rule 12(b)(1) motion based on sovereign immunity is neither immediately appealable pursuant to
 
 N.C. Gen. Stat. § 1-277
 
 (b), nor affects a substantial right.").
 

 In
 
 Can Am
 
 , this Court concluded its analysis of the jurisdictional issue by addressing Rule 12(b)(2) motions invoking the sovereign immunity doctrine. This Court pointed out that "beginning with
 
 Sides v. Hospital
 
 ,
 
 22 N.C.App. 117
 
 ,
 
 205 S.E.2d 784
 
 (1974),
 
 mod. on other grounds
 
 ,
 
 287 N.C. 14
 
 ,
 
 213 S.E.2d 297
 
 (1975), this Court has consistently held that: (1) the defense of sovereign immunity presents a question of personal, not subject matter, jurisdiction, and (2) denial of Rule 12(b)(2) motions premised on sovereign immunity are sufficient to trigger immediate appeal under section 1-277(b)."
 
 234 N.C.App. at 124
 
 ,
 
 759 S.E.2d at 308
 
 .
 

 As a result, the Court concluded in
 
 Can Am
 
 that it could consider the merits of the defendants' Rule 12(b)(2) motion to dismiss, concluding "[a]s has been held consistently by this Court, [that] denial of a Rule 12(b)(2) motion premised on sovereign immunity constitutes an adverse ruling on personal jurisdiction and is therefore immediately appealable under section 1-277(b)."
 
 Id
 
 . at 125,
 
 759 S.E.2d at 308
 
 .
 
 See also
 

 Data Gen. Corp. v. Cnty. of Durham
 
 ,
 
 143 N.C.App. 97
 
 , 100,
 
 545 S.E.2d 243
 
 , 245-46 (2001) ("[T]his Court has held that an appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable.").
 

 Murray
 
 , --- N.C.App. at ----,
 
 782 S.E.2d at 535-36
 
 .
 

 Similar to
 
 Can Am
 
 , in
 
 Murray
 
 , this Court held defendant could not rely on its motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6)
 

 *123
 
 because, "[d]uring the oral argument, where [the] defendant raised the sovereign immunity doctrine for the first time,
 
 *630
 
 [the] defendant relied only on Rules 12(b)(1) and 12(b)(2) in arguing that the complaint was barred by sovereign immunity and did not rely upon Rule 12(b)(6) [ ]" and, "[a]s
 
 Can Am
 
 emphasizes, to the extent that defendant relied on Rule 12(b)(1) in moving to dismiss on sovereign immunity grounds, that motion does not support an interlocutory appeal."
 
 Id
 
 . at ----,
 
 782 S.E.2d at 536
 
 . Concerning defendant's oral assertion of a sovereign immunity defense based on personal jurisdiction pursuant to Rule 12(b)(2), this Court held that "the trial court reasonably confined its order to the bases asserted in the motion: Rules 12(b)(1) and 12(b)(6)."
 
 Id
 
 . at ----,
 
 782 S.E.2d at 536
 
 . Furthermore, "[s]ince [the] defendant did not take any action to obtain a ruling on its oral Rule 12(b)(2) motion, [the] defendant did not preserve for appellate review the question whether the trial court erred in not applying the sovereign immunity doctrine under Rule 12(b)(2)."
 
 Id
 
 . at ----,
 
 782 S.E.2d at 537
 
 .
 

 The dissenting opinion in
 
 Murray
 
 disagreed that the defendant did not preserve its sovereign immunity argument under Rule 12(b)(6) by obtaining a ruling.
 
 Id
 
 . at ----,
 
 782 S.E.2d at 538
 
 . The dissent concluded that because "[the] [d]efendant's motion to dismiss states [the] defendant 'moves to dismiss [p]laintiff's [c]omplaint pursuant to Rules 12(b)(1) and/or 12(b)(6) of the North Carolina Rules of Civil Procedure for mootness, lack of standing,
 
 lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted
 
 [,]' "
 
 Id
 
 . at ----,
 
 782 S.E.2d at 538
 
 (emphasis in original), the defendant's subsequent argument at the hearing that the plaintiff's complaint "neither alleged a waiver of immunity nor demonstrated the basis for such a waiver[ ]" was sufficient to assert sovereign immunity under Rule 12(b)(6) for failure to state a claim because "[i]t is well-settled that '[i]n order to overcome a defense of [sovereign] immunity, the complaint must specifically allege a waiver of [sovereign] immunity. Absent such an allegation, the complaint fails to state a cause of action.' "
 
 Id
 
 . at ----,
 
 782 S.E.2d at 538
 
 (quoting
 
 Green
 
 ,
 
 203 N.C.App. at 268
 
 ,
 
 690 S.E.2d at
 
 762 ).
 

 As a result of the dissenting opinion in
 
 Murray
 
 , that case is currently before our Supreme Court for review. Yet, it is even more clear in the present case that dismissal of this appeal for lack of jurisdiction is appropriate.
 

 To elaborate on the background above, in defendants' motions to dismiss, defendants labeled all immunity defenses as issues of subject matter jurisdiction. In those defenses, defendants contended the trial court "lacks jurisdiction of the subject matter presented by the
 
 *124
 
 complaint" in that (1) defendants are being sued in their official capacity and the State had not waived sovereign immunity; (2) plaintiffs did not specifically plead waiver of sovereign immunity; and (3) defendants' are public officials and entitled to all immunities afforded public officials. Defendants also moved to dismiss for failure to state a claim on the bases that (1) defendants owed no duty to plaintiffs; (2) the negligence claims are, or should be, determined to be claims for medical malpractice; and (3) the medical malpractice claims fail to allege a physician/patient relationship.
 

 At the 1 February 2016 hearing on defendants' motions to dismiss, defendants stated they wanted to proceed only on their motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim. In regards to subject matter jurisdiction, defendants clarified that the Rule 12(b)(1) motion was on the basis that plaintiffs failed to allege whether defendants were being sued in their individual or official capacity. In regards to failure to state a claim, defendants clarified that the Rule 12(b)(6) motion was on the basis that defendants owed no duty to plaintiffs to support the negligence claims. Defendants withdrew the remainder of their motions at that time.
 

 Thereafter, the court granted plaintiffs' motion to file a second amended complaint that made clear that plaintiffs were suing defendants in their individual capacities. The court then considered arguments on defendants' two motions to dismiss based on "subject matter" and "duty." As a result of allowing the motion to amend, the court held that defendants' subject matter jurisdiction argument was moot. Defense counsel appeared to
 
 *631
 
 agree, replying "[i]t's been dealt with[ ]" and "[y]es, sir." The court then held the second amended complaint survived defendants' motion to dismiss for failure to state a claim, indicating the issue of duty would be "litigated significantly down the road."
 

 Following the filing of plaintiffs' second amended complaint, defendants never filed further motions to dismiss. The trial courts written order, filed on 7 March 2016, indicates defendants' motions to dismiss came on for hearing with plaintiffs' motion to amend the complaint and that all of defendants' motions to dismiss are denied.
 

 Upon review, it is evident that defendants' immunity arguments in this case were presented to the trial court and decided solely as motions to dismiss for lack of subject matter jurisdiction. In keeping with
 
 Murray
 
 ,
 
 Can Am
 
 , and the cases cited therein, we hold that the interlocutory denial of a motion to dismiss for lack of subject matter jurisdiction based on immunity is not immediately appealable. Moreover, contrary to
 
 *125
 
 the assertion in defendants' notice of appeal that the trial court denied "motions to dismiss based on claims of public official and sovereign immunity under Rule 12(b)(2) and (6) of the North Carolina Rules of Civil Procedure [,]" nothing in the record shows that defendants' argued for a dismissal based on immunity pursuant to Rules 12(b)(2) or 12(b)(6). Defendants' motion to dismiss pursuant to Rule 12(b)(6) was argued solely on the basis that defendants owed no duty to plaintiffs. Dismissal on grounds of immunity for lack of personal jurisdiction pursuant to Rule 12(b)(2) was never mentioned in defendants' motion to dismiss or in defendants' arguments to the trial court. The first mention in the record of personal jurisdiction as grounds for dismissal is in defendants' notice of appeal.
 

 As this Court stated in
 
 Murray
 
 , "since our role is simply to review the actions of the court below, we find no basis for concluding that this Court has jurisdiction over the appeal pursuant to Rule 12(b)(2) [or Rule 12(b)(6) ]." --- N.C.App. at ----,
 
 782 S.E.2d at 537
 
 . As a result, we must dismiss the appeal.
 

 III.
 
 Conclusion
 

 For the reasons discussed, we dismiss defendants' appeal from the trial court's order denying their motions to dismiss.
 

 DISMISSED.
 

 Judges DILLON and TYSON concur.
 

 [1]
 

 The notice of hearing actually states the matter will be heard "1 February 2015." However, because the notice was filed on 11 December 2015, well after the indicated hearing date, it is obvious that the hearing date was recorded in error. It appears from the rest of the record that the court intended to notice a hearing for 1 February 2016.